**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Darrell Lee BYRD, Jr., Defendant–**
**Appellant.**

**No. 13–50665**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 17, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, San Antonio, TX, Donna F. Coltharp, Assistant Federal Public Defender, Federal Public Defender's Office, Del Rio, TX, for Defendant–Appellant.

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

---

1. Judge Haynes concurs in the Judgment only.?

**PER CURIAM:** *

Darrell Lee Byrd, Jr., appeals from his conviction of possession with intent to distribute cocaine base. He contends that the district court erred by finding that he qualified as a career offender pursuant to U.S.S.G. § 4B1.1, based in part on a 2011 state cocaine conviction as to which he argues the record is ambiguous as to whether he was convicted of possession or delivery of cocaine. He also argues that the Texas offense of delivery of cocaine does not fall within the definition of a drug trafficking offense.

We need not address whether the district court erred, as the Government has carried its burden of showing that any error was harmless. *See United States v. Bonilla,* 524 F.3d 647, 656 (5th Cir.2008). The district court provided detailed reasons for choosing a 180–month sentence, which was within the career offender guideline sentencing range, both at the sentencing hearing and in a subsequent written order, and made clear that the same sentence would have been imposed whether or not Byrd qualified as a career offender. The district court did not discuss the 92–115 month sentencing range that would have applied had Byrd not been classified as a career offender. However, the career offender enhancement was the only disputed guideline sentencing issue under discussion at the sentencing hearing, the non-enhanced offense level (before an adjustment for acceptance of responsibility) was provided in the presentence report (PSR), and Byrd proposed the 92–115 month range in his objections to the PSR. The record indicates that the district court would have imposed the 180–month sentence regardless of whether Byrd qualified as a career offender and that it would

have done so for the same reasons. *See United States v. Ibarra–Luna,* 628 F.3d 712, 714, 716–18 (5th Cir.2010).

AFFIRMED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.